B. W. SHACKLETT, Respondent, v. ADAM D. SCOTT, Appellant.

St. Louis Court of Appeals, November 9, 1886.

1. HOMESTEAD — EXEMPTION — RIGHTS OF EXECUTION DEBTOR. — An officer levying on execution must give the execution debtor an opportunity to select property claimed as a homestead.

2. ——— EXECUTIONS—LEVY.—A levy of execution, where the statutory requirements as to a homestead are not substantially complied with, should be quashed.

APPEAL from the Scotland County Circuit Court, BEN. E. TURNER, Judge.

*Reversed and remanded with directions.*

McKEE & JAYNE, for the appellant : Property levied upon, being a homestead, was exempt from sale under this execution. Rev. Stat., sect. 2639 ; Sess. Acts, 1881, 140. The sheriff should have given the appellant an opportunity, after seizing the lands, to designate the part claimed as a homestead. Rev. Stat., sect. 2690. The appellant had a right to claim his exemptions at any time before sale. *State ex. rel. v. Emmerson*, 74 Mo. 607.

A. H. SMITH, for the appellant. .

SMOOT & PETTINGILL, for the respondent : The sheriff performed his whole duty in levying the execution. Rev. Stat., sects. 2347, 2690. The execution debtor may insist upon his privilege of claiming his exempt property, or he may waive it. *Osborne v. Schutt*, 67 Mo 712. It is the duty of the officer to apprise the debtor of his rights before making the levy. *Hombs v. Corbin*, 20 Mo. App. 497. He should summon appraisers and set off the homestead before proceeding with the

levy. Thompson on Homesteads, sect. 640; *Vogler v. Montgomery*, 54 Mo. 577.

THOMPSON, J., delivered the opinion of the court.

This appeal is taken from an order overruling a motion to quash the levy of an execution upon a forty-acre tract of land belonging to one of the defendants in the execution. His motion proceeds on the ground that he is a resident householder and the head of a family; that the land is his homestead, and that he had no opportunity to select his homestead as allowed by section 2690, Revised Statutes. The testimony shows that the sheriff went with the plaintiff's attorney to the house of the appellant with an execution, notified him that he held it, advised him concerning his legal rights, and asked him what he was going to do about it; that the appellant replied that he was going to claim all that the law allowed him, and asked time to see his lawyer the next morning at Memphis; that the sheriff, after consulting with the plaintiff's attorney, who made no objection, said, "all right," and advised the appellant to do nothing until he had seen his lawyers; that the sheriff and the plaintiff's attorney thereupon drove away, and the appellant went to plowing in his field; that the sheriff and the plaintiff's attorney returned during the same afternoon, and that the sheriff immediately levied upon the land in question, without notifying the appellant or giving him any further opportunity to select his homestead; that the appellant the next day went to Memphis, and there drew up a formal claim of his homestead exemption, including this tract, and delivered it to the sheriff, who disallowed it. It also appeared from the sheriff's return that he made no levy except upon the forty acres in question, but that on the same day he summoned three disinterested freeholders, who, after being sworn, proceeded to appraise and set apart the appellant's homestead out of *other* land owned by him not included in the levy.

I. It clearly appears from the testimony, including that of the sheriff himself, that the appellant was not allowed a fair opportunity of selecting his homestead, as allowed by the statutes. The act of the sheriff in returning and levying the same day without notifying the appellant, after impliedly consenting to postpone the matter till he could consult his attorneys the next day at Memphis, was as clear a violation of his right of selection as though the levy had been made originally without his notice. It is especially clear that the appellant has not waived his right of selection, or refused to make a selection, but, on the contrary, has attempted to do so and has been denied the right to do so. The sale of his homestead premises, under such circumstances, would be a plain deprivation of the right secured to him by the statutes.

II. Under the statute the jurisdiction of the sheriff to appoint freeholders to set apart the homestead, is predicated upon "a designation and choice," or "a refusal to designate or choose," of the execution debtor. In this case the evidence clearly shows that the attempted appraisement was not made, either after the appellant had made a designation and choice, or after any refusal to do so. It was, therefore, void.

III. The return shows that the lands set apart by the appraisers was no part of that levied upon, but that the sheriff levied on the forty-acre tract, and that the appraisers proceeded to set apart the homestead of the appellant out of *other* land owned by him in the neighborhood. Their proceeding was, for this reason, also, void. A setting apart by appraisers takes place under the statute "whenever an execution shall be *levied upon* the real estate of such housekeeper or head of family, of which such homestead may be a part, or upon such part of any homestead as may be in excess of the limitation of the value thereof created in section 2689," and when the other facts just recited exist. This confers no authority upon the appraisers to decide that the homestead of the

execution debtor exists in some *other* tract of land than the one levied upon and to appraise it and set it apart. The setting apart can only be made *out of* the land levied upon.

The order appealed from will be reversed and the cause remanded with directions to the circuit court to enter an order quashing the levy. It is so ordered. All the judges concur.